(No. 46498.—

BURTON I. WEINSTEIN, Appellant, v. MELVIN ROSEN-
BLOOM *et al.,* Appellees.

*Opinion filed Nov. 18, 1974.—Rehearing denied Jan. 28, 1975.*

Boehm & Weinstein, and Sidney Z. Karasik, both of
Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Jer-
rald B. Abrams, Assistant Attorney General, of counsel),
for appellees.

MR. JUSTICE DAVIS delivered the opinion of the
court:

Plaintiff, Burton I. Weinstein, appealed directly to this court from the judgment of the circuit court of Cook County entered in favor of defendants upon allowance of their motion to dismiss plaintiff's complaint "with prejudice." The defendants are the five members of the Illinois Industrial Commission and one of its arbitrators.

Prior to considering this matter on the merits it becomes necessary to deal with the question whether the appeal was properly taken directly to this court. This is an appeal from an action filed in the circuit court and does not seek to review an order of the Industrial Commission. It is not, therefore, appealable directly to this court under our Rule 302(a)(2). 50 Ill.2d R. 302.

The procedure to be followed when an appellant seeks to appeal directly to this court in a case to which Rule 302(a) is inapplicable is prescribed in Rule 302(b). Plaintiff did not follow that procedure, but despite the failure to comply with Rule 302(b), and because we consider the subject matter to be of considerable importance and public interest, we have elected to retain jurisdiction, without the delay which would be caused by transferring and then awaiting a 302(b) motion to transfer back to this court. Our decision so to do in this instance is not to be interpreted as indicating that future failures to comply with Rule 302(b) will be similarly treated.

Plaintiff's complaint filed "individually and on behalf of others similarly situated" contained two counts. In count I he alleged that he is an attorney at law who represents "parties having claims for adjudication by the Industrial Commission of Illinois," that section 4 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.4) requires employers to file with the Industrial Commission certain insurance information therein prescribed, that for a long period of time information concerning such insurance was supplied by the Insurance Section of the Industrial Commission to claimants and others upon request, that plaintiff, in his capacity as

attorney for a claimant, inquired of the Insurance Section as to the identity of the insurance carrier of his client's employer and that the Insurance Section refused to supply the requested information because of the following memorandum issued by the defendant Melvin Rosenbloom, Chairman of the Industrial Commission:

"M E M O R A N D U M

TO: All Attorneys, Insurance Companies, Insureds, and All Interested Parties

FROM: Chairman Melvin L. Rosenbloom, Industrial Commission

RE: INSURANCE SECTION

We sincerely regret that the Insurance Department of the Commission must temporarily, but indefinitely, suspend services in connection with locating and distributing carrier information.

As you know, the principal mission of the Insurance Department is to fulfill our statutory obligation of assuring that resources will be available to pay all potential claims of all employees covered by the Acts which we administer. The Commission is not now, and never has completely fulfilled this responsibility. Employees of the Insurance Department are working long hours and are performing their work most efficiently. Nevertheless, we are falling farther behind in our primary mission each day partly because of the time that employees have been spending in handling requests for carrier information.

We anticipated this problem in the preparation of our budget for fiscal year 1974. We specifically requested funds to increase our capacity in the Insurance Department with a modern computerized operation to replace what is now an obsolescent method of operation for handling the duties of this Department. Our presentation to the General Assembly detailed the nature of our needs. The House of Representatives, with only one dissenting vote, voted to approve our request in full. On a straight partisan vote, the Republican controlled Senate voted to deny our request.

In view of the foregoing, taking the action I have

indicated above is the only course of action we can follow. We must attempt to fulfill our statutory obligations and are compelled to devote our available resources to those ends."

Plaintiff prayed in count I for the issuance of a mandatory injunction to require defendants to make available, upon request, the employer's insurance information in the Industrial Commission's files.

In count II plaintiff alleged that, in his capacity as attorney for a claimant he had requested a continuance of a hearing before the defendant arbitrator, that the continuance was granted but that when he refused to prepare a notice as directed by the defendant arbitrator the case was dismissed for want of prosecution. The order of the arbitrator was based on the following "Notice" issued by the defendant Rosenbloom:

"N O T I C E            October 23, 1973

TO:     ALL ATTORNEYS, INSURANCE COMPANIES, INSUREDS, AND ALL INTERESTED PARTIES

FROM:   Illinois Industrial Commission

RE:     NOTICE OF MODIFICATION OF RULE NUMBER 2—7 CONTINUANCES ON ARBITRATION, NOTICES, DISMISSAL FOR WANT OF PROSECUTION, AND EX PARTE HEARING

A. Written notices will be sent to the parties for the first setting on arbitration. Thereafter, the parties will be expected to maintain their own diaries of the date and place of any continued setting for hearing.

B. Parties are expected to appear at all settings either in person or through their representative unless other arrangements upon good cause shown have been made in advance with the Arbitrator. Failure of the Petitioner to appear may result in the cause being dismissed for Want of Prosecution. Failure of the Respondent to appear may result in an ex parte hearing on the merits of the Petitioner's claim.

C. Continuances of a hearing will be granted by the Arbitrator only if the Arbitrator is persuaded that the

interests of justice will be served by the granting of the continuance. Otherwise, the Arbitrator will deny the continuance and the case will be ordered to immediate trial. Accordingly, the parties should be prepared for trial at the earliest possible time.

D. No continuance in any case will be granted unless the party requesting the same provides to the Arbitrator a pre-stamped and pre-addressed communication to the Petitioner involved in the continued case and to the person, firm or corporation by whom the Petitioner was employed at the time of the alleged injury or exposure to disease (Respondent), in the following form:

### FINAL NOTICE

_____⎫
               Petitioner, ⎬ NO_____
_____⎭
               Respondent

The above case is set for trial_____

197___, at _____ ___.M., at _____

in the City of _____, Illinois.

DATED:           INDUSTRIAL COMMISSION OF ILLINOIS

_____
       By                 Secretary
       /s/ Elsie Kurasch

The Arbitrator will have a supply of pre-printed stamped postcards in the above form. The Arbitrator shall supply without charge to the party or his representative who is requesting a continuance sufficient cards to notify the Petitioner and Respondent of the date and place to which the Arbitrator has continued the hearing. The cards are to be addressed and completely filled-in by the party requesting the continuance and submitted to the Arbitrator who will attend to the mailing of the same.

If a continuance is arranged with the Arbitrator and granted by him in advance of a scheduled hearing date, the continuance will be allowed and ordered

> only if pre-stamped, pre-addressed and completely filled-in notifications in the above form to the Petitioner and Respondent are received by the Arbitrator no later than the day prior to the scheduled hearing date. The Arbitrator will attend to the mailing of the same.
>
> E.  With respect to proceedings on review the Commission shall give written notice to the parties of the date and place set for the initial hearing on review at least ten (10) days prior to the time fixed for hearing. Thereafter, parties shall be expected to maintain their own diaries in the event that a review shall be continued beyond the initial setting date. At the close of proofs on review the parties shall be advised of the time and place for Oral Argument, if any, and shall be expected to appear at that time and place without further notice."

Plaintiff prayed that the circuit court declare Rule 2–7(D) of the Industrial Commission "arbitrary, illegal and void" and enjoin defendants from enforcing it.

Both counts of the complaint contain a number of "allegations" which are arguments rather than allegations of fact. Many of them argue the position taken by plaintiff in this appeal and will be discussed only to the extent necessary to the opinion.

Citing the Workmen's Compensation Act and the State Records Act (Ill. Rev. Stat. 1973, ch. 116, par. 43.4) plaintiff contends that there is imposed upon the Industrial Commission the duty to compile and maintain as public records those insurance records of employers required by the Workmen's Compensation Act, that these records are "public records" as defined by the State Records Act and the common law, and they must, therefore, be made accessible to the public. Defendants contend that the insurance records are not "public records" and that section 16 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.16) "adequately provides a method to obtain the information plaintiff seeks."

Most of the arguments advanced by the parties in support of their respective positions need not be discussed for the reason that we have concluded that the provisions of section 4 of the Workmen's Compensation Act require us to hold that the information concerning insurance filed with the Industrial Commission must be made available. Section 4 requires an employer who comes under the Workmen's Compensation Act to qualify as a self-insurer or insure his entire liability to pay compensation in an insurance carrier authorized, licensed or permitted to do such insurance business in Illinois. It provides for action by the Industrial Commission when it finds that any insurer is insolvent, financially unsound, or unable to fully meet all its liabilities under the Act. It provides for criminal sanctions in the event of failure to comply with its requirements. It provides:

> "In the event the employer does not pay the compensation for which he is liable, then an insurance company, association or insurer which may have insured such employer against such liability shall become primarily liable to pay to the employee, his personal representative or beneficiary the compensation required by the provisions of this Act to be paid by such employer. The insurance carrier may be made a party to the proceedings in which the employer is a party and an award may be entered jointly against the employer and the insurance carrier." Ill. Rev. Stat. 1973, ch. 48, par. 138.4(g).

Section 4(g) demonstrates that insurance is an integral part, if not the very foundation, of the statutory scheme for administration of the Workmen's Compensation Act. Further demonstrative of this fact is the form prepared and distributed by the Industrial Commission and upon which a claim for workmen's compensation must be filed. This form headed "Application for Adjustment of Claim" formerly provided a space in which the claimant was expected to supply the name of his employer's insurance company. However, since this litigation was undertaken,

the new form which is distributed does not require such information. Clearly joinder of the insurance carrier as a party to the proceedings is rendered more difficult, if not impossible, by the refusal to supply the necessary information from the files of the Industrial Commission. We hold, therefore, that failure to supply the requested information is violative of section 4(g) of the Act and that the circuit court erred in denying the relief requested. Good policy requires liberality in the right to examine public records.

We consider next plaintiff's contentions with respect to count II of his complaint. Plaintiff argues that the requirement of Rule 2—7(D) that communication be had directly with litigants is detrimental to lawyer-client relationships and violates Canon 9 of the Canons of Professional Ethics.

Count II alleges that modified Rule 2—7(D) of the Industrial Commission causes the Commission to be in violation of Canon 9 of the Canon of Ethics. The rule calls for a notice procedure by which the attorney requesting a continuance is forced to fill out a post card to be sent to the adverse party personally. We do not regard such conduct of the attorney, performed pursuant to modified Commission Rule 2—7(D), as violative of Ethical Consideration 7—18 (EC 7—18).

The current Code of Professional Responsibility provision which is applicable is now Canon 7, under which EC 7—18 provides in pertinent part:

> "*** a lawyer should not communicate on the subject matter of the representation of his client with a person he knows to be represented in the matter by a lawyer, unless pursuant to law or rule of court or unless he has the consent of the lawyer for that person. ***"

Modified Rule 2—(7)(D) provides in pertinent part:

> "No continuance in any case will be granted unless the party requesting the same provides to the arbitrator a pre-stamped and pre-addressed communication to the Petitioner involved in the continued case and to the person, firm or corporation by whom the petitioner was

employed at the time of the alleged injury or exposure to disease (Respondent), in the following form:

\* \* \*

If a continuance is arranged with the Arbitrator and granted by him in advance of a scheduled hearing date, the continuance will be allowed and ordered only if pre-stamped, pre-addressed and completely filled-in notifications in the above form to the Petitioner and Respondent are received by the Arbitrator no later than the day prior to the scheduled hearing date. The Arbitrator will attend to the mailing of the same."

Section 16 of the Workmen's Compensation Act (Ill. Rev. Stat 1973, ch. 48, par. 138.16) provides that "The commission shall make and publish rules and orders for carrying out the duties imposed upon it by law, which rules and orders shall be deemed prima facie reasonable and valid." The plaintiff has not shown that the rule was not validly adopted, although such a defect is alleged. The rule is therefore within the exception set forth in EC 7—18, and does not violate any Canon of Ethics.

For the reasons stated, the judgment is reversed and the cause remanded to the circuit court of Cook County with directions to reinstate the cause and direct defendants to answer or otherwise plead on the merits of the cause and for further proceedings herein consistent with this opinion.

*Reversed and remanded, with directions.*