Jerome HANSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 89–5467.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1990.
Decided July 3, 1990.

Jerrold M. Hartke, South St. Paul, Minn., for appellant.

Kenneth W. Saffold, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Jerome Hanson, a former federal prisoner, appeals from the district court's [1] dismissal of his medical malpractice suit against the government for failure to bring the suit within the limitations period prescribed by the Federal Tort Claims Act. 'See 28 U.S.C. § 2401(b) (1988).[2] We affirm.

Prior to his incarceration in November, 1985, Hanson had injured his right leg in a motorcycle accident. The leg became infected while Hanson was in prison, and eventually had to be amputated. Hanson claims that the amputation was a result of negligent treatment he received while in prison.

Hanson filed an administrative claim with the United States Bureau of Prisons (Bureau) on November 4, 1987. The Bureau denied the claim and, in accordance with regulations, sent a certified letter to Hanson informing him of this on February 15, 1988. The letter advised Hanson that if he was dissatisfied with the denial he had six months to file suit in United States District Court. The Bureau did not send a copy of the denial notice to Hanson's attorney, whose name had appeared on a letter accompanying Hanson's claim petition. Hanson filed suit on November 2, 1988, nearly three months after expiration of the limitations period.

Hanson urges that the Bureau's failure to send a copy of the denial notice to his attorney should render the notice ineffective on the ground that the Bureau's action violated DR 7–104(a)(1) of the American Bar Association's Model Code of Professional Responsibility, which prohibits an attorney from communicating directly with a party he knows to be represented unless he has received prior consent from that party's lawyer or is authorized by law to do so. The district court rejected this argument, reasoning that 28 C.F.R. § 14.9(a) authorizes the Bureau to mail a denial notice to "the claimant, his attorney, *or* legal representative" (emphasis added). *See* Civil File No. 3–88–731 (D.Minn. July 5, 1989), slip op. at 3. The court also rejected Hanson's argument that Fed.R.Civ.P. 5(b) is applicable to the mailing of administrative notices. *Id.*, slip op. at 4.

We affirm on the basis of the district court's well-reasoned opinion.

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. 28 U.S.C. § 2401(b) reads:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.