**Katherine GRAHAM, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–17218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1996.

Decided Sept. 19, 1996.

Kevin P. Urbatsch, Bancroft & McAlister, San Francisco, California, for plaintiff-appellant.

Patricia J. Kenney, Assistant United States Attorney, San Francisco, California, for defendant-appellee.

Before SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.

Opinion by Judge SCHROEDER, Dissent by Judge KOZINSKI.

SCHROEDER, Circuit Judge:

The district court dismissed this Federal Tort Claims Act ("FTCA") case as untimely.

Plaintiff Katherine Graham appeals, contending that the notice of denial of her administrative claim was insufficient to trigger the time for filing the complaint pursuant to 28 U.S.C. § 2401 because the notice was not mailed to her counsel of record.

The facts are unusual. Graham was a federal prisoner who was injured when an eighty-pound roll of roofing material fell through a skylight and struck her. She retained counsel, filed an administrative claim with the Bureau of Prisons ("Bureau"), and listed her counsel on the claim form as her "personal representative." Graham's counsel corresponded with the Bureau to ensure that the agency's records correctly reflected Graham's representation. The Bureau advised counsel to notify the agency if his address changed.

The correspondence between the Bureau and Graham's counsel clearly contemplated that the agency would notify counsel of important developments in the case. However, when the agency decided the administrative claim, it did not notify Graham's counsel. Rather, it sent the notice of denial directly to Graham, who was then housed at a different prison. Graham did not realize the import of the denial and apparently threw it away.

The FTCA requires a claimant to file an administrative claim. *See* 28 U.S.C. § 2675(a). Any district court action must be filed within certain time constraints keyed to the date the agency disposes of the claim. *See* 28 U.S.C. § 2401(b).

The relevant statutes provide:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

*Id.* (emphasis added).

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

The FTCA does not specify to whom the notice of denial must be sent. In implementing the statute, the Department of Justice has attempted to prescribe the notice requirement more fully by providing that a final denial of an administrative claim shall be in writing and sent to the "claimant, his attorney, or legal representative by certified or registered mail." *See* 28 C.F.R. § 14.9(a). It is this regulation which gives rise to this appeal. The regulation accounts for the possibility that either an attorney or a legal representative is acting on the claimant's behalf and should receive the notice of denial.

Here, Graham's counsel never received a notice of denial and assumed that the agency had not acted on her claim. He waited the requisite six months and filed this action in district court. *See* 28 U.S.C. § 2675(a).

Defendant's counsel, an Assistant United States Attorney ("AUSA") moved to dismiss the complaint as untimely. Graham opposed this motion, contending that the mailing of the notice of denial to her was ineffective to trigger the six month statute of limitations because the Bureau should have sent it to her counsel, as required by the regulation.

The AUSA promptly, and commendably, filed a declaration stating that she was unaware of the correspondence between the Bureau and Graham's counsel. Before the district court, the AUSA acknowledged that the Bureau had "inadvertently" sent the notice of denial to Graham instead of to her counsel. Nevertheless, the AUSA successfully argued that the regulation authorized the notice of denial to be sent to Graham and that the mailing therefore triggered the statute of limitations. This appeal followed.

■ The issue on appeal concerns the interpretation of 28 C.F.R. § 14.9(a). The United States is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). The FTCA is a limited waiver of sovereign immunity. *See United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). The time for filing a district court action begins to run when the agency mails the notice of denial. *See* 28 U.S.C. § 2401(b). The agency is bound by its own regulation concerning the mailing of the notice of denial.

In deciding that notice was sufficient and that the complaint was therefore untimely, the district court ruled that the regulation authorized the Bureau to mail the notice of denial to Graham despite the fact that the Bureau knew she was represented and despite the language in the regulation authorizing the notice of denial to be mailed to the claimant's attorney or legal representative. The government contends that the Bureau is authorized to send the notice of denial to the claimant, even where, as here, the Bureau knows that the claimant is represented, or even when the claimant is incompetent and represented by a legal representative known to the agency.

■ We believe that interpreting the regulation to authorize the Bureau to mail the notice of denial to the claimant in every case detracts from the purpose of the statute: to ensure that notice is given in a manner that effectively triggers the time for filing a court action. *See* S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515; H.R.Rep. No. 739, 102d Cong., 2d Sess. (1992); *see also Kubrick*, 444 U.S. at 123, 100 S.Ct. at 360. We conclude that, where the agency knows the claimant is represented, the regulation directs the agency to mail the notice of denial to the attorney or legal representative, because that is the person who is usually responsible for preparing and filing the court action. *See* 28 C.F.R. § 14.9(a).

■ Authorizing direct contact with the claimant contradicts prevailing ethical standards that require dealings with counsel where an opposing party is known to be represented, unless counsel consents or the communication is authorized by law. *See* Model Code of Professional Responsibility DR 7–104(A)(1). The ethical rule is meant "to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the integrity of the lawyer-client relationship." Model Rules of Professional Conduct 4.2 cmt. (1992); *see Wright v. Group Health Hosp.,* 103 Wash.2d 192, 691 P.2d 564, 567 (1984); ABA Comm. on Ethics and Professional Responsibility, Informal Op. 1498 (1983); *see also Cronin v. Eighth Judicial Dist. Court,* 105 Nev. 635, 781 P.2d 1150, 1154 (1989); *Holiday Inn Downtown v. Barnett,* 103 Nev. 60, 732 P.2d 1376, 1380 (1987) (characterizing as "reprehensible" the conduct of an attorney who engages in *ex parte* communications with an opposing party who is represented by counsel).

These standards are well known to the Department of Justice, the agency that promulgated the regulation and the defendant in this action. The Attorney General has gone to great pains, in the law enforcement context, to spell out when U.S. Attorneys may and may not deal with persons under investigation who are represented by counsel. *See* 28 C.F.R. §§ 77.1–77.12. In promulgating those regulations, the Attorney General observed that disciplinary authorities in all 50 states and the District of Columbia have adopted standards to prevent opposing counsel from contacting represented persons. California, for example, in referring to Rule 2–100 of the California Rules of Professional Conduct, has stated that the "rule and its predecessors have a history of being strictly enforced in California." California State Bar Standing Comm. on Professional Responsibility and Conduct, Formal Op. 131 (1993). The rule is designed to shield opposing parties not only from an attorney's approaches which are intentionally improper, but from approaches which are well-intended but misguided. *See Abeles v. State Bar,* 9 Cal.3d 603, 108 Cal.Rptr. 359, 510 P.2d 719, 722 (1973).

While it is true that express legal authorization overrides ethical rules, the issue here is whether the regulation should be interpreted to constitute such express authorization. The government offers no guidance as to why such a blanket authorization is necessary, or even useful, in this context. Rather than interpreting the regulation as an exception to prevailing ethical norms, we believe that the regulation should be interpreted in accordance with those norms.

While this is an issue of first impression in this Circuit, the Eighth Circuit has upheld the direct mailing of a notice of denial to a represented claimant. *See Hanson v. United States,* 908 F.2d 257, 258 (8th Cir.1990) (per curiam). However, that opinion did not analyze the statute or regulation. Rather, it considered and rejected the contention that mailing the notice of denial to a represented claimant violated ethical rules against communicating with represented parties. *Id.* The opinion did not explain why the regulation should be interpreted to authorize such contact.

We hold that the regulation should be interpreted to require notice to counsel where representation is known, and that the mailing of the notice of denial to Graham was contrary to the policy intended by the regulation. However, we do not intend to suggest that any Bureau attorney should be charged with violating any ethical stricture by the inadvertent mailing that occurred here.

■ Finally, it is suggested that, despite our view of the proper interpretation of the regulation, we must defer to the agency's interpretation. "[C]onsiderable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

■ In this case, however, the Bureau did not follow an agency interpretation of the regulation that supported the Bureau's action. Rather, the Bureau's interpretation was in accord with our interpretation. The Bureau's correspondence with Graham's counsel indicated that it intended to deal

solely with Graham's counsel, and the AUSA acknowledged that the Bureau "inadvertently" mailed the notice of denial to Graham. We should not confuse agency expertise in matters peculiarly entrusted to the agency with rubber-stamping an after-the-fact rationalization of a mistake. While the former is owed deference under *Chevron, id.,* the latter is not.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

KOZINSKI, Circuit Judge, dissenting.

The worst thing about this opinion is the pretense that we are interpreting the regulation. In crisp terms 28 C.F.R. § 14.9(a) authorizes the agency to deliver notice of denial of a Federal Tort Claims Act claim to "the claimant, his attorney, or legal representative." The regulation gives no further directions; it doesn't narrow the agency's choice from among the possibilities listed. Under the circumstances, I don't see what the majority is purporting to interpret when it holds that the notice is defective because it was sent to claimant rather than to her lawyer. Interpretation, as I know that term, is a process whereby we figure out the meaning of words that are actually there; interpreting the sounds of silence is a euphemism for rewriting. And this is just what the majority does. To the language of the regulation the majority tacks on the following proviso: "but if the claimant is represented, the notice may not be sent to the claimant but must be sent to the lawyer instead." [1]

My colleagues note a conflict with *Hanson v. United States,* 908 F.2d 257 (8th Cir.1990), and take the Eighth Circuit to task for failing to "explain why the regulation should be interpreted to authorize such contact" between the agency and the claimant. Maj. op. at 449. No doubt the Eighth Circuit didn't offer such an explanation because it saw no plausible way to wring the majority's meaning from the regulation's sparse language.

Because we are the ones creating an inter-circuit split, it is we who must articulate a "strong reason" for doing so. *United States v. Chavez–Vernaza,* 844 F.2d 1368, 1374 (9th Cir.1987).

The majority claims it is deferring to the agency's interpretation of the regulation but it does just the opposite. Contrary to what the opinion claims, the agency has never interpreted the regulation as requiring that notice be sent to counsel if the claimant is represented. The agency has said only that it has a *practice* of sending notice to counsel. In fact, the government has always taken the position that the regulation permits it to send notice directly to a represented claimant. *See, e.g.,* Defendant–Appellee Br. at 9–12; *Hanson,* 908 F.2d at 258; *Childers v. United States,* 442 F.2d 1299, 1302 (5th Cir.) ("This regulation . . . names explicitly the attorney as *one of the people* to whom the denial may be mailed." (emphasis added)), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971); *McCaffrey v. Nylon, Inc.,* 1996 WL 122710, at *2 (E.D.Pa. Mar.13, 1996) ("Ordinarily, the government is not obliged to contact plaintiffs' counsel directly, as the applicable regulations permit the agency to mail a notice of final denial to 'the claimant, his attorney, or legal representative.' "); *Robinson v. United States,* 1993 WL 74841, at *7 n. 3 (E.D.Pa. Mar.15, 1993) ("[T]he DEA was 'authorized by law' to send the final denial to the claimant."). If there *were* more than one way to interpret the regulation—which there is not—we would be required to defer the interpretation proffered by the agency. *See Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

The majority's rationale for rejecting the regulation's clear meaning are off-base in any event. My colleagues seem to think that the agency would violate the rules of professional ethics by sending notice of its decision directly to a represented claimant. Maj. op. at

---

1. In truth, the majority is not interpreting the statute at all but giving it a narrowing construction. While the terms are similar, the concepts are quite different. *See United States v. X–Citement Video, Inc.,* 982 F.2d 1285, 1295 n. 6 (9th Cir.1992) (Kozinski, J., dissenting). When a court gives a statute or regulation a narrowing construction, it is in fact rewriting it in order to avoid a conflict with higher authority, such as the Constitution. We have no occasion to narrow the regulation here, because any conflict is with state law. *But see* pp. 450–53 *infra.* The majority stands the Supremacy Clause on its head.

448–49. But the ethical rule on which the majority relies does not apply to a notice issued by an agency adjudicating an administrative claim.[2] When the agency is acting in its capacity as an adjudicator, it may communicate directly with a party, even one that is represented. The practice is well-nigh universal, both at the federal level [3] and among

2. That an administrative agency serves as both adjudicator and adversary is a curious, but well-accepted, feature of the administrative state. *See* Stephen G. Breyer & Richard B. Stewart, Administrative Law and Regulatory Policy 875–79 (2d ed.1985). Thus, the staff of the Federal Trade Commission vigorously prosecutes alleged antitrust violators, while the Commission's Administrative Law Judges, and ultimately the Commissioners themselves, rule on the claims. *Id.* at 859. The NLRB and the Merit Systems Protection Board, among countless other agencies, have similar arrangements.

3. Scores of federal regulations provide for sending notice of an agency decision to the claimant. *E.g.*, 5 C.F.R. § 180.108 (disposition of claims by Office of Personnel Management concerning employees' personal property sent to claimant); 5 C.F.R. § 831.109 (disposition of claim for annuity payments by Office of Personnel Management sent to claimant); 5 C.F.R. § 841.306 (final appealable decision of Office of Personnel Management on Federal Employees Retirement System benefits sent to claimant); 12 C.F.R. § 709.6 (denial of claim against liquidated credit union by National Credit Union Administration sent to claimant); 14 C.F.R. § 1261.110 (claimants notified of denial of personal property claims by NASA); 20 C.F.R. § 404.922 (notice of reconsidered determination of disability claim mailed to claimant by Social Security Administration); 20 C.F.R. 410.229 (notice mailed to claimant stating that claim for black lung benefits will be considered by Social Security Administration only upon filing of necessary application form); 20 C.F.R. § 410.704 (notice mailed to certain past and present claimants by Social Security Administration stating that black lung benefits claims may be reconsidered); 20 C.F.R. § 416.340 (notice mailed by Social Security Administration to claimants informing them of the need to file an application form); 20 C.F.R. § 422.122 (notice describing benefit levels mailed by Social Security Administration to claimants for lump-sum death benefits); 20 C.F.R. Pt. 602, App. A (Department of Labor regulation requiring state agencies to furnish written notices of unemployment benefit determinations to claimants); 20 C.F.R. Pt. 614, App. B (Department of Labor regulation requiring state agencies to furnish written notices of unemployment benefit reductions to claimants); 20 C.F.R. Pt. 625, App. B (Department of Labor regulation requiring state agencies to inform claimants of their right to appeal adverse benefit determinations); 20 C.F.R. § 725.403 (notifying certain claimants that they need to file a state workers' compensation claim within thirty days); 20 C.F.R. § 725.409 (notice sent to claimant by Department of Labor giving reasons for denial of benefits "by reason of abandonment"); 20 C.F.R.

§ 725.410 (notice of preliminary denial of benefits sent by Department of Labor to claimant); 20 C.F.R. § 727.104 (notice sent by Social Security Administration to certain past and present claimants that their benefit claims may be reconsidered); 25 C.F.R. § 11.707 (disposition of creditor's claim against an estate mailed by Bureau of Indian Affairs to claimant); 29 C.F.R. § 15.26 (notice of determination of claim under Military Personnel and Civilian Employees' Claim Act of 1964 mailed by Department of Labor to claimant); 29 C.F.R. § 15.29 (determination upon reconsideration under same Act mailed to claimant); 29 C.F.R. § 15.42 (determination of administrative claim arising out of the operation of the Job Corps mailed by Department of Labor to the claimant); 29 C.F.R. § 1601.18 (written notice of EEOC disposition "shall be issued to the person claiming to be aggrieved"); 32 C.F.R. § 536.32 (denial of administrative claims against the United States arising from activities of military personnel mailed to claimant by Department of the Army); 32 C.F.R. § 750.64 (administrative denial of non-scope claims mailed to claimant by Department of the Navy); 32 C.F.R. § 751.15 (denial of any administrative claim on reconsideration sent by Department of the Navy to claimant); 33 C.F.R. § 136.115 (denial of claim against Oil Spill Liability Trust Fund mailed to claimant by Department of Transportation); 39 C.F.R. § 777.28 (Postal Service must notify claimant of reasons for denial of relocation housing assistance); 43 C.F.R. § 3871.3 (notice mailed by Bureau of Land Management to parties stating that adverse mining claimant must file claim in court or claim will be waived); 44 C.F.R. § 151.12 (amount of allowed reimbursement for costs of firefighting on federal property communicated to claimant by Federal Emergency Management Agency); 45 C.F.R. § 205.10 (Office of Family Assistance regulation requiring states to send notice to claimants of benefits determinations); 46 C.F.R. § 204.5 (denial of administrative claim under FTCA by Department of Transportation Maritime Administration mailed to claimant); 49 C.F.R. § 24.207 (Department of Transportation shall send notice of denial of claim for relocation assistance to claimant).

Some regulations provide for notice to the claimant *and* his attorney. *E.g.*, 20 C.F.R. § 10.132 (notice of time and place of Federal Employees' Compensation Act hearings sent by Department of Labor to both claimant and representative); 20 C.F.R. § 320.8 (notice of denial of benefits under Railroad Unemployment Insurance Act mailed by Railroad Retirement Board to claimant and representative); 20 C.F.R. § 410.686b (notice of fee determination in black lung benefits proceedings mailed to "representative and the claimant"); 28 C.F.R. § 32.22 (notice of attorneys' fee determination mailed to "the representative and the claimant"); 32

the states.[4] So well-established is the practice that the drafters of DR 7-104 (on which the majority relies, maj. op. at 448-49 (discussing California's version of the rule)), noted its existence with apparent approval. *See* American Bar Foundation, Annotated Code of Professional Responsibility 338-39 (1979).

I have found only one case addressing this issue, *Weinstein v. Rosenbloom,* 59 Ill.2d 475, 322 N.E.2d 20 (1974). Weinstein sued the Illinois Industrial Commission claiming, *inter alia,* that one of its rules (which required the Commission's arbitrator to mail notice of a continuance directly to a party) violated Code of Professional Responsibility Canon 7 and Ethical Consideration 7-18. *Id.* 322 N.E.2d at 24-25. The court rejected this argument and held that, as the rule was validly promulgated, it "is ... within the ['unless pursuant to law'] exception set forth in EC 7-18, and does not violate any Canon of Ethics." *Id.* 322 N.E.2d at 25. The drafters of Model Code DR 7-104 cited *Weinstein* in their report as an example of a situation where notice may be given directly to a party. *See* American Bar Foundation, Annotated Code of Professional Responsibility 338-39 (1979). I am aware of no authority supporting the majority's position that a government agency violates ethical rules when it sends notice of its decision directly to a claimant.

The impact of today's decision is likely to be significant. As noted, a multitude of federal regulations authorize-perhaps even require-that notice be sent to the claimant personally. *See* note 3 *supra.* The opinion casts doubt on the validity of notices sent pursuant to these regulations to claimants the agency knows are represented by counsel. The opinion certainly renders invalid any notice sent to a represented claimant pursuant to some two dozen other regulations that are worded in terms substantially identical to 28 C.F.R. § 14.9(a).[5]

The burden today's decision will impose on federal agencies, and the disruption it will cause in determining jurisdictional deadlines

C.F.R. § 588.43 (notice of denial of discrimination complaint sent by Department of the Army to claimant and representative); 38 C.F.R. § 13.76 (Veterans Services Officer required to furnish the claimant and his representative with a Statement of the Case and to apprise both of rights to appeal); 38 C.F.R. § 19.25 (Department of Veterans Affairs must notify both claimant and his representative of appeal rights, right to a hearing and right to representation).

Finally, there are a number of regulations which provide, in language substantially identical to the one at issue here, that the notice be sent to the claimant, his attorney or his legal representative. *See* note 5 *infra.*

4. *E.g.,* Alaska Admin. Code tit. 13, § 80.020 (notice of violent crime compensation hearing sent to "claimant or his attorney"); Cal.Code Regs. tit. 8, § 9812 (notice of denial of death benefits and denial of workers' compensation benefits sent to claimant); Cal.Code Regs. tit. 22, § 455.5-8 (notice of denial of unemployment benefits mailed to claimant); Cal.Code Regs. tit. 22, § 2675-1 (notice of denial of disability benefits mailed to claimant); Fla. Admin. Code Ann. r. 10L-5.004 (denial of claim for victim compensation and notice of right to appeal sent to claimant); Ga. Comp. R. & Regs. r. 115-3-.07 (notice of denial of claim against the State mailed to claimant by Claims Advisory Board); Ill. Admin. Code tit. 56, § 2815.125 (notice of unemployment benefits reduction and right to appeal sent to claimant); N.Y. Comp.Codes R. & Regs. tit. 9, § 277.3 (denial of claim for moving expenses sent to claimant by Division of Land Utilization);

N.Y. Comp.Codes R. & Regs. tit. 9, § 525.4 (notice of decision by Crime Victims Board sent to "claimant and/or his attorney"); Or. Admin. R. 438-05-065 (notice of denial of workers compensation benefits mailed to claimant); 6 Pa.Code § 22.92 (notice of pharmaceutical assistance benefits denial sent to claimant or representative); Tex. Admin. Code tit. 30, § 275.18 (notice of final determination in water rights adjudication mailed to claimant); Utah Admin R. 562-106 (denial of unemployment benefits sent to claimant); Utah Admin R. 562-405-1007 (denial of unemployment benefits for reason of alien status mailed to claimant); Wash. Admin. Code § 192-12-320 (denial of unemployment benefits mailed to claimant).

5. 5 C.F.R. § 177.109 (denial of administrative claim under FTCA by Office of Personnel Management mailed to claimant, attorney or representative); 10 C.F.R. § 14.37 (denial of administrative claim under FTCA by Nuclear Regulatory Commission mailed to claimant, attorney or representative); 10 C.F.R. § 782.6 (denial of claim of patent infringement by Department of Energy mailed to "claimant or his authorized representative"); 10 C.F.R. § 1014.9 (denial of administrative claim under FTCA by Department of Energy mailed to claimant, attorney or representative); 12 C.F.R. § 793.6 (denial of administrative claim under FTCA by National Credit Union Administration mailed to claimant, attorney or representative); 14 C.F.R. § 1261.313 (denial by NASA of claims for loss of personal property,

for a variety of administrative appeals, we can only guess. It suffices to note that the representational status of claimants in administrative proceedings is not always clear. Claimants sometimes start out representing themselves, and get a lawyer later in the proceedings—or vice versa; at times, claimants are represented by non-attorneys—so called "legal representatives"—or members of another profession, like accountants. *See* Bernard Schwartz, Administrative Law § 6.9, at 298 (2d ed.1984). Unlike court proceedings, where counsel must enter an appearance so that the representational status of each party is clear from the record, agencies may or may not keep track of which claimants are represented and by whom. Given the relative informality of many administrative proceedings, the sufficiency of notice will turn on who in the agency knew about a claimant's representational status. In trying to avoid the error the majority attributes to the Bureau of Prisons, agencies may commit the converse error, sending notice to a lawyer or non-lawyer representative who no longer represents the claimant. The certainty which comes from the venerable practice of sending administrative notice of final decisions to claimants at their last known address will be lost.

This is a big price to pay to serve an ethical imperative that no state supreme court—indeed no authority anywhere except the majority here—has recognized. Because I can find no basis for so disrupting the business of federal agencies, I respectfully dissent.

bodily injury or death sent to claimant, attorney or representative); 22 C.F.R. § 304.11 (denial of administrative claim under FTCA by Peace Corps mailed to claimant, attorney or representative); 22 C.F.R. § 604.16 (denial of administrative claim under FTCA by United States Arms Control and Disarmament Agency mailed to claimant, attorney or representative); 24 C.F.R. § 17.11 (denial of administrative claim under FTCA by Department of Housing and Urban Development mailed to claimant, attorney or representative); 28 C.F.R. § 301.305 (notice of Claims Examiner's determination of inmate accident compensation claim mailed to claimant or "duly appointed representative"); 28 C.F.R. § 301.312 (notice of decision reviewing Claims Examiner's initial determination mailed to claimant or "duly appointed representative"); 29 C.F.R. § 15.9 (denial of administrative claim under FTCA by Secretary of Labor mailed to claimant, attorney or representative); 32 C.F.R. § 750.30 (denial of administrative claim under FTCA by Department of the Navy mailed to claimant or legal representative); 32 C.F.R. § 750.51 (denial of administrative claim under Military Claims Act by Department of the Navy mailed to claimant, attorney or representative); 34 C.F.R. § 35.6 (denial of administrative claim under FTCA by Department of Education mailed to claimant, attorney or representative); 39 C.F.R. § 912.9 (Postal Service shall send notice of denial of administrative claim for damage arising out of the operation of the Agency to claimant, attorney or representative); 40 C.F.R. § 10.6 (denial of administrative claim under FTCA by Environmental Protection Agency mailed to claimant, attorney or representative); 41 C.F.R. § 128–48.502 (Department of Justice shall send notice of denial of claim for abandoned property to claimant or attorney); 44 C.F.R. § 11.18 (denial of administrative claim under FTCA by Federal Emergency Management Agency mailed to claimant, attorney or representative); 45 C.F.R. § 35.6 (denial of administrative claim under FTCA by Department of Health and Human Services mailed to claimant, attorney or representative); 46 C.F.R. § 327.6 (Department of Transportation Maritime Administration shall mail notice of denial of seamen's claims to claimant or "legal representative"); 48 C.F.R. § 227.7007 (Department of Defense shall send notice of denial of license infringement claim to claimant or "authorized representative").