[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 28, 2001
THOMAS K. KAHN
CLERK

--------------------------------------

No. 00-10566

--------------------------------------

D. C. Docket No. 99-00921-CV-UUB

DONALD SHOFF,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
OFFICERS, several unknown officers,
FEDERAL BUREAU OF PRISONS, employees, et al.

Defendants-Appellees.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------------------------
**(March 28, 2001)**

Before EDMONDSON, FAY and NEWMAN*, Circuit Judges.

_____

* Honorable Jon O. Newman, U.S. Circuit Judge for the Second Circuit, sitting by
 designation.

PER CURIAM:

Plaintiff Donald Shoff appeals from the district court's dismissal of his negligence suit brought against the United States. The court dismissed the suit because Plaintiff failed to bring the suit within the period prescribed by the Federal Tort Claims Act ("FTCA").

On 30 March 1998, Plaintiff filed an administrative claim with the Federal Bureau of Prisons alleging negligence on the part of Bureau officers, physician assistants and other employees. The Bureau sent a certified letter to Plaintiff notifying him of the denial of his claim. The letter also notified Plaintiff that if he was dissatisfied with the denial he could "file suit in the appropriate United States District Court no later than six (6) months after the date of mailing of th[e] notification." Plaintiff filed the Complaint on 30 March 1999, seven months after the date of the mailing of the denial letter.

The district court dismissed Plaintiff's complaint: it had not been filed within the six-month limitation imposed by the FTCA and, therefore, was jurisdictionally barred. Plaintiff has appealed.

Plaintiff argues that, because the Bureau mailed the denial letter to Plaintiff -- instead of to Plaintiff's counsel, section 2401(b)'s six-month limitation was not triggered.

Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The federal regulation interpreting section 2401(b) states that "Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail." 28 C.F.R. §14.9.

Plaintiff urges us to adopt the Ninth Circuit's decision in Graham v. United States, 96 F.3d 446 (9th Cir. 1996). In Graham, a majority of a three-judge panel construed section 14.9 to preclude the sending of a denial letter to a claimant when the agency has notice that the claimant is represented by counsel.

But the Ninth Circuit's construction of section 14.9 conflicts with the plain language of the regulation. "Contrary to what the opinion claims, the agency has never interpreted the regulation as requiring that notice be sent to counsel if the claimant is represented... In fact, the government has always taken the position that the regulation permits it to send notice directly to a represented claimant." Id. at 450 (Kozinski, J. dissenting opinion).

Because the pertinent regulation is not in conflict with the FTCA or other regulation, see Childers v. United States, 442 F.2d 1299, 1302 (5th Cir. 1971), we

3

believe the language of section 14.9 means what it says: the final denial of a claim may be sent to a claimant *or* to his attorney.

Our reading of section 14.9 is not without support in our circuit's law. In Childers, we addressed a claimant's assertion that the agency erred when it failed to serve the claimant personally but instead sent the denial notice to the claimant's attorney. We concluded that, because the regulation explicitly lists an attorney as a person to whom the denial may be mailed, the claimant's argument was without merit. In this case, because the regulation explicitly lists a *claimant* as a person to whom the denial may be mailed, we also conclude Plaintiff's argument to be without merit.

In addition, Plaintiff argues that the denial letter was an unethical communication pursuant to DR 7-104(a)(1) of the ABA Model Code of Professional Responsibility and, therefore, was inadequate to trigger sections 2401(b)'s limitation. We are uncertain whether a Bar-discipline rule can trump a federal regulation. In any event, DR 7-104(a)(1) proscribes a lawyer's communication with a represented party; but in this case, the Bureau was acting in its capacity as an adjudicator. DR 7-104(a)(1) provides no basis for invalidating an administrative agency's communication with a represented party; when an agency is acting in its capacity as an adjudicator, it may communicate directly with a party.

4

See Graham, 96 F.3d at 450-52 (Kozinski, J. dissenting) (citing the sources of federal regulations providing for sending notice of an agency decision to the claimant).

The Bureau's denial letter, mailed to Plaintiff, was sufficient to trigger the six-month limitation of section 2401(b). Because Plaintiff failed to file his complaint within the designated time, we affirm the district court's dismissal of Plaintiff's complaint.

AFFIRMED.

NEWMAN, Circuit Judge, concurring:

I concur in the Court's opinion affirming the dismissal of Appellant's untimely suit under the Federal Tort Claims Act, but add a few words to suggest to the Bureau of Prisons a simple way to avoid the possible unfairness of its current regulation.

As the Court notes, a timely suit must be filed within six months after an agency's denial of a claim, and the pertinent regulation, 28 C.F.R. § 14.9 (2000), permits a denial to be sent either to the claimant or his attorney. Many people would assume that when they obtain an attorney to represent their interests before an agency and the attorney notifies the agency of his representation, the agency will thereafter communicate with the attorney. In reliance on this assumption, some people might take extended vacations without arranging for the forwarding of their mail. For federal prisoners, many of whom are moved around the country, the assumption that their attorney is handling all aspects of their claim is especially important, because mail sent only to the prisoner will sometimes not be promptly (if ever) forwarded.

The Bureau maintains that it cannot send notice of claim denial only to an attorney, because, with an administrative claim, disputes may arise whether the attorney is really acting for the prisoner, unlike with lawsuits, where an attorney

6

files a formal appearance. The force of that contention is diminished by two circumstances. First, the Bureau sends a voucher for payment of <u>approved</u> claims only to the attorney. <u>See</u> <u>id.</u> § 14.10 (2000). Second, another agency within the Department of Justice, the Immigration and Naturalization Service, manages with a regulation providing for notice to the attorney "or the person himself <u>if</u> <u>unrepresented</u>." 8 C.F.R. § 292.5(a) (2000) (emphasis added).

Even if, as we hold, the Bureau is entitled to start the six- month clock by sending notice of claim denial to the prisoner, an obvious solution to the Bureau's concern is for the Bureau to send a notice of claim denial to <u>both</u> the prisoner and any person the Bureau has reason to believe is acting as the prisoner's attorney, as several agencies now do. <u>See</u> <u>Graham v. United States</u>, 96 F.3d 446, 451-52 n.3 (9th Cir. 1996) (Kozinski, J., dissenting) (collecting regulations). This would start the six-month clock, without risking any dispute as to the true authority of the attorney. The additional notice to the attorney would avoid the needless default of some lawsuits in the normal circumstances where the attorney is in fact acting for the prisoner and will act in a timely manner to file the lawsuit.