PER CURIAM:
Plaintiff Donald Shoff appeals from the district court’s dismissal of his negligence suit brought against the United States. The court dismissed the suit because Plaintiff failed to bring the suit within the period prescribed by the Federal Tort Claims Act (“FTCA”).
On 30 March 1998, Plaintiff filed an administrative claim with the Federal Bureau of Prisons alleging negligence on the part of Bureau officers, physician assistants and other employees. The Bureau sent a certified letter to Plaintiff notifying him of the denial of his claim. The letter also notified Plaintiff that if he was dissatisfied with the denial he could “file suit in the appropriate United States District Court no later than six (6) months after the date of mailing of th[e] notification.” Plaintiff filed the Complaint on 30 March 1999, seven months after the date of the mailing of the denial letter.
The district court dismissed Plaintiffs complaint: it had not been filed within the six-month limitation imposed by the FTCA and, therefore, was jurisdictionally barred. Plaintiff has appealed.
Plaintiff argues that, because the Bureau mailed the denial letter to Plaintiff — instead of to Plaintiffs counsel, section 2401(b)’s six-month limitation was not triggered.
Section 2401(b) provides:
A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two yeárs after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered *1268 mail, of notice of final denial of the claim by the agency to which it was presented.
28 U.S.C. § 2401(b).
The federal regulation interpreting section 2401(b) states that “Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail.” 28 C.F.R. § 14.9.
Plaintiff urges us to adopt the Ninth Circuit’s decision in Graham v. United States, 96 F.3d 446 (9th Cir.1996). In Graham, a majority of a three-judge panel construed section 14.9 to preclude the sending of a denial letter to a claimant when the agency has notice that the claimant is represented by counsel.
But the Ninth Circuit’s construction of section 14.9 conflicts with the plain language of the regulation. “Contrary to what the opinion claims, the agency has never interpreted the regulation as requiring that notice be sent to counsel if the claimant is represented ... In fact, the government has always taken the position that the regulation permits it to send notice directly to a represented claimant.” Id. at 450 (Kozinski, J. dissenting opinion).
Because the pertinent regulation is not in conflict with the FTCA or other regulation, see Childers v. United States, 442 F.2d 1299, 1302 (5th Cir.1971), we believe the language of section 14.9 means what it says: the final denial of a claim may be sent to a claimant or to his attorney.
Our reading of section 14.9 is not without support in our circuit’s law. In Child-ers, we addressed a claimant’s assertion that the agency erred when it failed to serve the claimant personally but instead sent the denial notice to the claimant’s attorney. We concluded that, because the regulation explicitly lists an attorney as a person to whom the denial may be mailed, the claimant’s argument was without merit. In this case, because the regulation explicitly lists a claimant as a person to whom the denial may be mailed, we also conclude Plaintiffs argument to be without merit.
In addition, Plaintiff argues that the denial letter was an unethical communication pursuant to DR 7-104(a)(l) of the ABA Model Code of Professional Responsibility and, therefore, was inadequate to trigger sections 2401(b)’s limitation. We are uncertain whether a Bar-discipline rule can trump a federal regulation. In any event, DR 7-104(a)(l) proscribes a lawyer’s communication with a represented party; but in this case, the Bureau was acting in its capacity as an adjudicator. DR 7-104(a)(1) provides no basis for invalidating an administrative agency’s communication with a represented party; when an agency is acting in its capacity as an adjudicator, it may communicate directly with a party. See Graham, 96 F.3d at 450-52 (Kozinski,. J. dissenting) (citing the sources of federal regulations providing for sending notice of an agency decision to the claimant).
The Bureau’s denial letter, mailed to Plaintiff, was sufficient to trigger the six-month limitation of section 2401(b). Because Plaintiff failed to file his complaint within the designated time, we affirm the district court’s dismissal of Plaintiffs complaint.
AFFIRMED.