NEWMAN, Circuit Judge,
concurring:
I concur in the Court’s opinion affirming the dismissal of Appellant’s untimely suit under the Federal Tort Claims Act, but add a few words to suggest to the Bureau of Prisons a simple way to avoid the possible unfairness of its current regulation.
As the Court notes, a timely suit must be filed within six months after an agency’s denial of a claim, and the pertinent regulation, 28 C.F.R. § 14.9 (2000), permits a denial to be sent either to the *1269 claimant or his attorney. Many people would assume that when they obtain an attorney to represent their interests before an agency and the attorney notifies the agency of his representation, the agency will thereafter communicate with the attorney. In reliance on this assumption, some people might take extended vacations without arranging for the forwarding of their mail. For federal prisoners, many of whom are moved around the country, the assumption that their attorney is handling all aspects of their claim is especially important, because mail sent only to the prisoner will sometimes not be promptly (if ever) forwarded.
The Bureau maintains that it cannot send notice of claim denial only to an attorney, because, with an administrative claim, disputes may arise whether the attorney is really acting for the prisoner, unlike with lawsuits, where an attorney files a formal appearance. The force of that contention is diminished by two circumstances. First, the Bureau sends a voucher for payment of approved claims only to the attorney. See id. § 14.10. Second, another agency within the Department of Justice, the Immigration and Naturalization Service, manages with a regulation providing for notice to the attorney “or the person himself if unrepresented.” 8 C.F.R. § 292.5(a) (2000) (emphasis added).
Even if, as we hold, the Bureau is entitled to start the six-month clock by sending notice of claim denial to the prisoner, an obvious solution to the Bureau’s concern is for the Bureau to send a notice of claim denial to both the prisoner and any person the Bureau has reason to believe is acting as the prisoner’s attorney, as several agencies now do. See Graham v. United States, 96 F.3d 446, 451-52 n. 3 (9th Cir.1996) (Kozinski, J., dissenting) (collecting regulations). This would start the six-month clock, without risking any dispute as to the true authority of the attorney. The additional notice to the attorney would avoid the needless default of some lawsuits in the normal circumstances where the attorney is in fact acting for the prisoner and will act in a timely manner to file the lawsuit.