**Michael BROCKETT, Plaintiff–Appellant,**

**v.**

**PARKS, C/O; Smith, C/O, Defendants–Appellees.**

**No. 02–5039.**

United States Court of Appeals, Sixth Circuit.

Oct. 8, 2002.

---

Before GUY, SILER, and BATCHELDER, Circuit Judges.

Michael Brockett, a federal prisoner incarcerated at the Federal Correctional Institute in Petersburg, Virginia (FCI–Petersburg), appeals the district court order dismissing his civil rights claim construed as brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Brockett sued FCI–Manchester correctional officers Parks and Smith in the United States District Court for the Eastern District of Virginia. Brockett alleged that the defendants deprived him of due process and intentionally violated Bureau of Prison (BOP) regulations when they caused property being sent to him to be lost. The case was transferred to the United States District Court for the Eastern District of Kentucky. The district

court granted Brockett in forma pauperis status, screened the complaint, and dismissed the case. *See* 28 U.S.C. § 1915(e)(2). The court held that Brockett had failed to exhaust his administrative remedies with respect to his *Bivens* claim, and that both his *Bivens* claim and his FTCA claim were barred by the applicable statutes of limitations.

In his timely appeal, Brockett essentially argues that: (1) he exhausted his remedies by filing an FTCA claim with the BOP; (2) his FTCA claim was timely because he filed it within two years of the date his claim accrued; and (3) the limitations period for bringing his FTCA claim should have been tolled because the BOP mailed the notice of final denial to FCI–Manchester instead of FCI–Petersburg.

This court reviews the district court's interpretation of the Prison Litigation Reform Act (PLRA) de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly dismissed Brockett's complaint. Initially, we note that Brockett does not argue that the district court erred by holding that his *Bivens* claim was barred by the statute of limitations. Accordingly, he has waived this issue. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

The district court properly held that Brockett failed to exhaust his administrative remedies with respect to his *Bivens* claim. The PLRA requires state and federal prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999).

Brockett filed a grievance pursuant to the BOP's Administrative Remedy Program, but did not complete the grievance process by appealing to the regional director and general counsel. *See* 28 C.F.R. § 542.10, *et seq.* Thus, he failed to carry his burden of demonstrating that he exhausted his administrative remedies. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998).

Brockett's argument that he exhausted his remedies by filing an FTCA claim is misplaced. He asserts that he dropped his administrative appeal because he was told he could only seek monetary relief through the FTCA, and that he complied with the requirements for filing an FTCA claim. Brockett's attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim. Accordingly, the district court did not err.

We also agree with the district court that Brockett's FTCA claim was barred by the statute of limitations. An FTCA tort claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2401(b); *Blakely v. United States,* 276 F.3d 853, 865 (6th Cir. 2002); *Graham v. United States,* 96 F.3d 446, 448 (9th Cir.1996). The BOP notified Brockett on November 9, 2000, that his claim had been rejected and that he had six months from the mailing date of the notification to file suit in federal district court. Brockett signed his complaint on June 1, 2001, and it was filed on June 27, 2001. Both dates are well past the six-month deadline. Thus, the district court properly dismissed Brockett's FTCA claim as untimely. *See Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir.1995).

Brockett's argument that he had two years to file his FTCA action is without merit. The two-year limitations period in 28 U.S.C. § 2401(b) applies only to the filing of an administrative claim. Once the BOP denied his administrative claim, Brockett had six months to file a civil action. *See Graham,* 96 F.3d at 448. Thus, his FTCA claim was barred by the statute of limitations.

Brockett's argument that the statute of limitations should have been equitably tolled is also without merit. Brockett argues that he was unable to file his complaint on time because the BOP mailed the notice of final denial to FCI–Manchester instead of FCI–Petersburg. Although equitable tolling is available for FTCA claims in the appropriate circumstances, *see Glarner v. United States, Dep't of Veterans Admin.,* 30 F.3d 697, 701 (6th Cir.1994), Brockett has not made the required showing. He does not indicate when the notice was forwarded to him, nor does he account for the nearly seven months between the date the BOP sent the notice of denial and the date he signed his district court complaint. Accordingly, equitable tolling is not appropriate in this case. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.