Louis Allen LEE and Beyer Center
Commodities, Inc., Appellants,

v.

Wallace FENWICK et al., Appellees.

No. 11–94–158–CV.

Court of Appeals of Texas,
Eastland.

Sept. 14, 1995.

Rehearing Overruled Oct. 26, 1995.

Robert O. Fischel, Royce Coleman, Coleman & Fischel, Denton, for appellants.

Rick L. Wingler, Law Offices of Larriet E. Thomas, Dallas, Calvin B. Almquist, Charles Waters, Law Offices of Charles W. Waters, Dallas, for appellees.

DICKENSON, Justice.

This appeal presents a single issue: Did either "defendant"[1] receive written notice[2] of plaintiffs'[3] claim before the lawsuit was filed? The trial court calculated prejudgment interest beginning 180 days after the date plaintiffs' lawyer sent written notice to a lawyer who represented one of the defendants. Since we do not agree with the trial court that either "defendant" received written notice of plaintiffs' claim, the judgment of the trial court is reformed to award prejudgment interest from the date the lawsuit was filed. As reformed, the judgment is affirmed.

*Background Facts*

A motor vehicle collision involving two 18–wheel trucks occurred on March 12, 1991. The wreck was on U.S. Highway 67 south of Stephenville. One of the trucks was leased to Beyer and operated by its employee, Lee. The second truck was driven by Fenwick.

---

1. Beyer Center Commodities, Inc. and its employee, Louis Allen Lee, were defendants in the trial court, and they are appellants in this court.

2. Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 6 (Vernon Supp.1995) provides that prejudgment interest begins "on the 180th day after the date *the defendant receives written notice of a claim* or on the day the suit is filed, whichever occurs first." (Emphasis added)

3. Wallace Fenwick and his wife, Bonnie, were plaintiffs in the trial court, and they are appellees in this court. American Motorists Insurance Company was intervenor in the trial court, but its claim is not affected by this appeal.

On May 13, 1991, plaintiffs' former lawyer wrote a letter to attorney Scott Allen.[4] That letter made reference to a property damage claim by the owner of the truck which was driven by Fenwick at the time of the collision. It also referred to the Fenwicks' claims against Beyer as a result of the collision. That letter enclosed copies of the accident report and the repair estimate, and it referred to a telephone conversation between the two lawyers in which Allen apparently requested the information.[5]

### Partial Statement of Facts

■ Appellees argue that we must presume that there was evidence to support the trial court's ruling on prejudgment interest since appellants did not file a complete statement of facts. We disagree. The transcript shows that appellants perfected a limited appeal under TEX.R.APP.P. 53(d) when they ordered the statement of facts. Their letter to the court reporter plainly states:

Pursuant to Rule 53(d), Texas Rules of Appellate Procedure, Defendants are requesting the partial Statement of Facts above because Defendants believe the Court erred in his assessment of pre-judgment interest. It is the belief of the Defendants that the portion of the Statement of Facts not requested by Defendants contains nothing relevant to the point above specified or to the disposition of this Appeal.

Rule 53(d) provides that appellants who request a partial statement of facts shall include in their request a statement of the points to be relied upon and that they shall be limited to such points. The rule also provides:

If such statement is filed, *there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified* or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts. (Emphasis added)

The partial statement of facts shows that plaintiffs' original lawyer sent written notice to an insurance adjuster and to a lawyer who represented one of the defendants, but it does not show that either of the defendants actually received written notice of plaintiffs' claim. We must presume under Rule 53(d) that nothing omitted from the record is relevant to the point of error presented for appellate review.

### Point of Error

Appellants present a single point of error. They argue that the trial court erred in calculating prejudgment interest. We sustain this point of error.

### Statutory Prejudgment Interest

■ The relevant statute [6] provides that judgments in cases involving wrongful death, personal injury, and property damage "must include prejudgment interest." Omitting the exceptions which are not relevant to this appeal, Section 6 then provides:

[P]rejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date *the defendant receives written notice* of a claim or on the day the suit is filed, whichever occurs first. (Emphasis added)

The damages awarded by the jury came to a total sum of $291,000.00. The partial statement of facts and the judgment both show that the trial court calculated prejudgment interest from November 10, 1991, which was 180 days after the date that the trial court found that defendants had received written notice of the claim.

Appellees argue that notice to the attorney satisfies the statutory requirement of proof that "the defendant receive[d] written notice." We do not agree. First, there is no proof that the attorney represented both defendants, and the prejudgment interest was

---

4. Royce Coleman is the attorney of record for both defendants in this case. Scott Allen did not ever appear as their attorney of record.

5. On May 14 plaintiffs' former lawyer also wrote the insurance adjuster who was handling the claim for Beyer's insurance company, enclosing a copy of the accident report.

6. See Footnote No. 2.

**90**

taxed against both defendants. Second, there is no proof of the attorney's authority, and we note that he did not appear as an attorney of record.[7] More importantly, the statute requires written notice to "the defendant." There is no proof that either defendant ever received the written notice required by the statute. Appellees argue that the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT[8] do not permit an attorney to communicate with a person represented by counsel and that, consequently, written notice to the attorney satisfies the statutory requirement of written notice to the client. We do not agree. We note that Disciplinary Rule 4.02 provides:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, *unless the lawyer* has the consent of the other lawyer or *is authorized by law to do so.* (Emphasis added)

Since Article 5069–1.05, section 6 requires written notice to the defendant, an attorney would not violate Disciplinary Rule 4.02 by sending the statutory notice.

Appellants argue that neither of them received the statutory written notice of appellees' claim and that, consequently, the prejudgment interest should have been calculated from the date suit was filed. We agree. The sole point of error is sustained. This reduces the amount of prejudgment interest from $85,123.90 to $53,293.96.

Pursuant to TEX.R.APP.P. 81(c), this court renders judgment that the trial court's judgment is reformed to show the amount of prejudgment interest as $53,293.96. As reformed, the judgment of the trial court is affirmed.

---

7. Scott Allen, the attorney who received the "pre-suit notice," was never the attorney of record for the defendants in this case. Royce Coleman represented both defendants after the lawsuit was filed.

8. See TEX.R.DISCIPLINARY P. (1992), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1995).