OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 5, 2002

Mr. Richard F. Reynolds
Executive Director
Texas Workers' Compensation Commission
Southfield Building, MS-4D
4000 South IH-35
Austin, Texas 78704-7491

Opinion No. JC-0572

Re: Whether a Workers' Compensation Commission rule requiring that written communications be sent to both a claimant and the claimant's attorney creates an exception to Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct, which prohibits an attorney from communicating with a person who is represented by counsel (RQ-0551-JC)

Dear Mr. Reynolds:

You ask whether a Workers' Compensation Commission (the "Commission") rule requiring that written communications be sent to both a claimant and the claimant's attorney creates an exception to Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct, which prohibits an attorney from communicating with a person who is represented by counsel. We conclude that the Commission rule creates an exception to the Rule 4.02(a) prohibition.

Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct prohibits an attorney from communicating with a person who is represented by counsel as follows:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

TEX. DISCIPLINARY R. PROF'L CONDUCT 4.02(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9); *see also id.* cmt. 2 ("Paragraph (a) of this Rule is directed at efforts to circumvent the lawyer-client relationship existing between other persons, organizations or entities of government and their respective counsel."). This rule, adopted from the Model Rules of Professional Conduct, is "meant 'to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the integrity of the lawyer-client relationship.'" *Graham v. United States*, 96 F.3d 446, 449 (9th Cir. 1996) (quoting the Model Rules of Prof. Conduct R. 4.2 cmt. (1992)).

You ask about the interplay of this attorney disciplinary rule and a procedural rule promulgated by the Commission. As a general matter, the Commission is charged with adjudicating workers' claims for compensation for work-related injuries and is authorized to adopt rules. *See* TEX. LAB. CODE ANN. ch. 410 (Vernon 1996 & Supp. 2002) (adjudication of disputes); *id.* §§ 402.061 (Vernon 1996) ("The commission shall adopt rules as necessary for the implementation and enforcement of this subtitle."), 410.157 ("The commission shall adopt rules governing procedures under which contested case hearings are conducted."). The Commission has adopted two rules dealing with communications between parties. Rule 102.4 provides "general rules for non-commission communications" and rule 102.5 provides "general rules for written communications to and from the commission." *See* 28 TEX. ADMIN. CODE §§ 102.4, 102.5 (2002). Rule 102.4(a) provides that all written communications to a claimant shall be sent to the most recent address or facsimile number supplied by the claimant. *See id.* § 102.4(a). Rule 102.4(b), the rule at issue in your request, provides as follows:

> After an insurance carrier, employer, or health care provider is notified in writing that a claimant is represented by an attorney or other representative, copies of all written communications related to the claim to the claimant shall thereafter be mailed or delivered to the representative as well as the claimant, unless the claimant requests delivery to the representative only.

*Id.* § 102.4(b); *see also id.* § 102.5(a) ("After the Commission is notified in writing that a claimant is represented by an attorney or other representative, all copies of written communications to the claimant shall thereafter be sent to the representative as well as the claimant, unless the claimant requests delivery to the representative only. However, copies of settlements, notices setting benefit review conferences and hearings, and orders of the Commission shall always be sent to the claimant regardless of representation status.").

The Commission adopted the rule 102.4(b) requirement that claimants receive copies of communications to ensure that all participants are informed regarding the status of a claim. *See* 24 Tex. Reg. 6488, 6489 (1999) (Tex. Workers' Compensation Comm'n) ("Amendments to subsection (b) require employers and health care providers as well as carriers, when notified by the claimant that the claimant has a representative, to mail or deliver copies of all written communications associated with the claim to the claimant as well as to the claimant's representative. The previous subsection only required carriers to include the claimant's representative in all written communications. These changes will help ensure that all participants are informed regarding the status of a claim."); *see also id.* at 6499-500 (codified as an amendment to 28 TEX. ADMIN. CODE § 102.4(b)) (Tex. Workers' Compensation Comm'n).

You inform us that an attorney for an insurance carrier has indicated that this rule, which requires an insurance carrier, employer, or health care provider to send copies of all written communications related to a claim to both the claimant and the claimant's attorney, "is placing attorneys who represent carriers in a difficult and unfair position" because compliance with the

Commission rule violates Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct.[1] The Commission takes the position that its rule provides an exception to Rule 4.02(a). We agree.

We conclude that the Commission rule is "law" authorizing an attorney to send a written communication to a person who is represented by counsel and that it provides an exception to Rule 4.02(a). Again, Rule 4.02(a) bars communications with clients "unless the lawyer has the consent of the other lawyer or *is authorized by law to do so.*" TEX. DISCIPLINARY R. PROF'L CONDUCT 4.02(a) (emphasis added). In *Lee v. Fenwick*, 907 S.W.2d 88 (Tex. App.–Eastland 1995, writ denied), appellees argued that notice to appellants' attorney satisfied a statutory notice requirement that "defendant receive written notice" of a claim and that prejudgment interest began to accrue on the date the attorney received notice. Appellees argued that Rule 4.02 precluded their attorney from providing notice directly to the defendants. *See id.* at 90. The court disagreed, concluding that the statutory notice provision required notice to the defendant and thus provided an exception to Rule 4.02: "Since [the statute] requires written notice to the defendant, an attorney would not violate Disciplinary Rule 4.02 by sending the statutory notice." *Id.*

A procedural notice or service requirement imposed by an administrative rule rather than a statute may also provide an exception to Rule 4.02(a). *Cf.* ABA Comm. On Ethics and Prof'l Responsibility, Formal Op. 396 (1995) ("The 'authorized by law' exception to the Rule is also satisfied by a constitutional provision, statute or court rule, having the force and effect of law, that expressly allows a particular communication to occur in the absence of counsel – such as court rules providing for service of process on a party."). In Texas, valid rules and regulations promulgated by an administrative agency acting within its statutory authority have the force and effect of legislation. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976). We have no reason to believe that the Commission's rule of procedure exceeds its statutory authority or was not properly adopted. *See B-R Dredging Co. v. Rodriguez*, 564 S.W.2d 693, 696 (Tex. 1978) ("Generally, administrative regulations only have the full force and effect of law when: (1) a statute exists which specifically authorizes the issuance of rules and regulations by the agency; (2) the rule or regulation adopted is within the authority of the agency; and (3) the rule or regulation is adopted according to the procedure prescribed by statute.") (holding that federal agency safety manual did not have statutory status because it did not meet these criteria); TEX. LAB. CODE ANN. §§ 402.061 (Vernon 1996) ("The commission shall adopt rules as necessary for the implementation and enforcement of this subtitle."), 410.157 ("The commission shall adopt rules governing procedures under which contested case hearings are conducted."); *see also United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 132 F.3d 1252 (8th Cir. 1998) (concluding that United States Department of Justice rule purporting to authorize United States attorneys to contact persons represented by counsel was not authorized by statute and concluding that contacts made pursuant to rule were not "authorized by law" for purposes of state disciplinary rule). Furthermore, this procedural rule, which serves to keep claimants fully informed of the status of their claims through the receipt of written communications that must also be sent to their attorneys, *see* 24 Tex. Reg. 6488, 6489 (1999) (explaining purpose of amendment to rule), does not appear to provide attorneys

---

[1]Letter from Craig H. Smith, Director, Legal Services, Texas Workers' Compensation Comm'n, to Honorable John Cornyn, Texas Attorney General at 1 (May 15, 2002) (on file with Opinion Committee).

with an opportunity to take advantage of claimants or to undermine claimants' relationships with their attorneys. Accordingly, we conclude that the Commission rule requiring that written communications be sent to both a claimant and the claimant's attorney authorizes an insurance carrier's attorney to send copies of written communications related to the claim to a claimant who is represented by counsel and creates an exception to Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct.

Finally, we note that Rule 4.02(a) bars communications with clients "unless the lawyer *has the consent of the other lawyer* or is authorized by law to do so." TEX. DISCIPLINARY R. PROF'L CONDUCT 4.02(a) (emphasis added). The comment to the rule states that "[c]onsent may be implied as well as express, as, for example, where the communication occurs in the form of a private placement memorandum or similar document that obviously is intended for multiple recipients and that normally is furnished directly to persons, even if known to be represented by counsel." *Id.* cmt. 2. The Commission rule provides all parties with notice that written communications will be sent to both the claimant and the claimant's attorney, unless the claimant opts to have communications sent only to his or her attorney. *See* 28 TEX. ADMIN. CODE § 102.4(b) (2002). Given this notice, we believe that an insurance carrier's attorney who sends copies of written communications related to a claim to a claimant who is represented by counsel and who has not opted to have the communications sent only to counsel has implied consent of the claimant's counsel to do so.

## S U M M A R Y

A Texas Workers' Compensation Commission rule requiring that written communications related to a claim be sent to both a claimant and the claimant's attorney, *see* 28 TEX. ADMIN. CODE § 102.4(b) (2002), creates an exception to Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct, which prohibits an attorney from communicating with a person who is represented by counsel, *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 4.02(a) (precluding communications with a person represented by counsel unless lawyer "is authorized by law to do so").

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee