878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daisy B. SCOTT, Plaintiff-Appellant,
v.
STATE OF TENNESSEE, et. al, Defendants-Appellees.
 No. 88-6095.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1989.
 
 Before: KEITH and ALAN E. NORRIS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Daisy B. Scott ("Scott"), a black woman who was reassigned from a Registered Nurse II position to a Registered Nurse I position, brought this civil rights action against defendants, who include her employer, the Moccasin Bend Mental Health Institute ("the Institute"); and its administrators, the Tennessee Department of Mental Health and Mental Retardation, and the State of Tennessee ("the defendants"). Scott complained that the defendants acted in violation of the Fifth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. Secs. 1981 and 1983; and Tenn.Code Ann. Secs. 4-21-101 et seq. The district court granted defendants' motion to dismiss. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Scott was previously employed at the Institute under a Registered Nurse II classification and in a Registered Nurse II position. On July 1, 1986, she was reassigned to the post of Staff Nurse, a position normally filled by a Registered Nurse I. Although Scott retained her classification as a Registered Nurse II, she now contends that her reassignment to a Registered Nurse I position precludes her from securing a promotion to a Registered Nurse III classification. Scott argues that the Institute failed to confer with her prior to the reassignment, but held preliminary conferences with her white male and white female colleagues that were also reassigned. In addition, Scott contends that due to her reassignment, several less qualified and less experienced white employees now hold positions superior to her own and, as a result, will enjoy greater opportunities for salary advancement and promotion.
 
 
 3
 After her reassignment to the Registered Nurse I position, Scott filed a grievance with the Institute and prosecuted the grievance under the applicable personnel guidelines. In a letter dated January 6, 1987, the Institute denied Scott's request to be reassigned to a Registered Nurse II position and dismissed Scott's grievance.
 
 
 4
 Scott filed her complaint on January 6, 1988, alleging that defendants' act of reassigning her from a Registered Nurse II position to a Registered Nurse I position constituted discrimination on the basis of race. On June 17, 1988, defendants moved to dismiss Scott's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), (2), and (6). In support of their motion to dismiss, defendants argued that Scott's suit is barred by the Eleventh Amendment and the applicable statute of limitations.
 
 
 5
 On July 28, 1988, the district court issued an opinion and order granting defendants' motion to dismiss. In its memorandum opinion, the court initially noted that Scott "has not filed a timely response to [defendants'] motion." The court then held that the Eleventh Amendment bars Scott, as a matter of sovereign immunity, from instituting a civil action in federal court against the State of Tennessee or its agencies. After determining that it lacked subject matter jurisdiction over Scott's Secs. 1983 and 1981 claims, the court declined to exercise pendent jurisdiction over Scott's state law claims. Without ruling on defendants' statute of limitations argument, the court dismissed Scott's complaint.
 
 
 6
 Scott filed an appeal with this court on August 29, 1988.
 
 II.
 
 7
 Preliminarily, we note that an appellate court can sustain the judgment of a district court on any ground that finds support in the record. See, e.g., United States v. Anderson Cty., Tenn., 761 F.2d 1169, 1174-75 (6th Cir.), cert. denied, 474 U.S. 919 (1985). It is an established principle of law that a district court may properly dismiss a plaintiff's case for want of prosecution. See, e.g., Coston v. Detroit Edison Co., 789 F.2d 377, 379 (6th Cir.1986); Fed.R.Civ.P. 41(b). Similarly, if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion. See Elmore v. Evans, 449 F.Supp. 2, 3 (E.D.Tenn.1976), aff'd, 577 F.2d 740 (6th Cir.1978) (unpublished per curiam). In Elmore, we affirmed a district court order that granted defendants' motion for a judgment on the pleadings. See Elmore, 577 F.2d 740; Fed.R.Civ.P. 12(c). Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious. See Elmore, 449 F.Supp. at 3. See also E.D.Tenn.R. 10.1 ("The response to any motion other than a motion for summary judgment ... shall be filed within ten (10) days of the date the motion was filed, unless a reasonable extension of time is ... requested and granted."); E.D.Tenn.R. 10.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").
 
 
 8
 On appeal, Scott argues that the district court improperly granted defendants' motion to dismiss her complaint. We disagree. On June 17, 1988, defendants filed both a motion to dismiss Scott's complaint and a memorandum of law in support of the motion. Although defendants' motion was pending for over five weeks before the district court issued its order on July 28, 1988, Scott filed no response or request for additional time. By failing to respond to the motion, Scott waived her objections. Thus, for the sole reason that Scott's arguments on appeal were waived by her failure to present to the district court those arguments or any other objections to defendants' motion, we are persuaded that the district court reached the correct result.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.