NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0261n.06
Filed: May 15, 2008

No. 07-3740

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT J. HUMPHREY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| UNITED STATES ATTORNEY GENERAL'S | ) | |
| OFFICE; SHERRY DRUMMOND; SUSAN | ) | |
| TAYLOR; DARRELL CHITWOOD; CLARENCE | ) | |
| OOTEN; CHUCK HIRSCH; U.S. POSTAL | ) | |
| SERVICE; UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| _____ | ) | |

BEFORE: KENNEDY, BATCHELDER and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Robert J. Humphrey, a United States Postal Service employee, appeals the judgment

of the district court dismissing his complaint against all defendants in this action alleging gender

discrimination and retaliation for prior EEO activity in violation of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-16, disability discrimination contrary to the

Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, and intentional infliction of emotional distress

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-80. For the reasons set forth below,

we affirm.

I.

Humphrey is employed as a letter carrier at the Lorain Post Office in Ohio. The gravamen of his complaint is that a male coworker made repeated sexual and threatening advances towards him, beginning in October 2002 when the coworker allegedly grabbed his buttocks, and continuing as recently as May of 2006. Humphrey filed an EEO complaint alleging sexual harassment and received a monetary settlement from the federal Office of Worker's Compensation Programs based on the initial October 2002 incident. Humphrey alleges that the coworker nonetheless continued to sexually harass him, and, as a result, he developed mental health issues culminating in post-traumatic stress disorder. Humphrey maintains that his Postal Service supervisors did not adequately respond to his request that the coworker should be disciplined, discharged, or transferred. He therefore alleges that defendants did not reasonably accommodate his mental disability.

On November 4, 2004, Humphrey filed an FTCA administrative tort claim with the Postal Service, in which he averred that he "developed a mental illness due to an assault by a fellow employee" and that the "mental illness has become exacerbated due to U.S. Postal Service's failure to remove the assailant from the close proximity of the claimant." Humphrey claimed that he suffered intentional infliction of emotional distress due to the harassment and sought $100,000 in personal injury damages. By certified letter dated December 3, 2004, the Postal Service denied his claim and advised him, in accordance with the FTCA's statute of limitations set forth in 28 U.S.C. § 2401(b), that "if dissatisfied with the Postal Service's final denial of an administrative claim, [he]

may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action."[1]

Twenty-one months later, on September 9, 2006, Humphrey filed the present action in federal district court, alleging discrimination on the basis of gender and reprisal for prior EEO activity under Title VII, discrimination based on mental disability under the Rehabilitation Act, and intentional infliction of emotional distress under the FTCA. Humphrey named as defendants the United States Attorney General's Office, the U.S. Postal Service, and five Postal Service employees, all former supervisors of plaintiff at the Lorain Post Office.

On January 10, 2007, the government certified that the five individually-named defendant employees of the Postal Service acted within the scope of their employment with the Postal Service at all times relevant to Humphrey's tort claim and filed a notice of substitution of the United States as a party defendant pursuant to 28 U.S.C. § 2679.[2] Defendants filed contemporaneously two

---

[1]The Postal Service denied Humphrey's claim on the ground that the allegations "that Mr. Humphrey was a victim of, including but not limited to, assault . . . do not raise a claim cognizable under the [FTCA] as they are specifically exempted under 28 U.S.C. § 2680(h) which states: 'The provisions of this chapter . . . shall not apply to . . . [a]ny claims arising out of assault . . . .'"

[2]28 U.S.C. § 2679 provides in pertinent part:

(b)(1) The remedy against the United States provided by . . . this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded

separate motions to dismiss. In the first motion, defendants moved to dismiss Humphrey's tort claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), on the grounds that the complaint was not timely filed under the FTCA's statute of limitations set forth in 28 U.S.C. § 2401(b), and Humphrey's exclusive remedy was under the Federal Employees Compensation Act, 5 U.S.C. § 8116(c). The second motion sought dismissal of Humphrey's discrimination and retaliation claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In this regard, defendants argued in part that Humphrey failed to establish a prima facie case of either gender discrimination or retaliation under Title VII and that Humphrey was not disabled for purposes of the Rehabilitation Act.

Although Humphrey was represented by counsel, he neither opposed the motions nor sought an extension of time to file a response. On April 26, 2007, the district court granted defendants' motions to dismiss. In doing so, the district court noted that "[t]he time for Plaintiff to oppose these motions to dismiss, or move for an enlargement of time to respond, has long since passed" and, after examining the unopposed motions, "[found] them to be well-taken for the reasons discussed

---

without regard to when the act or omission occurred.

\* \* \*

(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

therein." Accordingly, the court entered judgment for defendants on all claims and dismissed the complaint. Humphrey neither sought reconsideration of the district court's decision nor moved to set aside the judgment. He now appeals.

## II.

We review de novo the district court's decision granting defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Gentek Bldg. Prods., Inc. v. Steel Peel Litigation Trust*, 491 F. 3d 320, 324 (6th Cir. 2007); *Simon v. Pfizer Inc.*, 398 F.3d 765, 772 (6th Cir. 2005). "[W]e may affirm on any grounds supported by the record even if different from the reasons of the district court." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

On appeal, Humphrey argues that the district court erred when it considered documents beyond the pleadings on defendants' motion to dismiss for lack of subject matter jurisdiction, without allowing further discovery during the motions' pendency. He contends further that the district court erred when it failed to hold an evidentiary hearing on the propriety of the notice of substitution and the issue of the government's certification, pursuant to 28 U.S.C. § 2679, that the individual defendants acted within the scope of their employment at all times pertinent to plaintiff's tort allegations.

As a preliminary matter, we note that because Humphrey's arguments on appeal pertain solely to the district court's dismissal of his tort claim for lack of subject matter jurisdiction, he has abandoned any appellate challenge to the merits of the judgment rendered against him on his

retaliation and discrimination claims under Title VII and the Rehabilitation Act. Issues not raised by an appellant in his opening brief or issues referred to in a perfunctory manner without developed argumentation are deemed waived. *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006); *Caudill v. Hollan*, 431 F.3d 900, 915 n.13 (6th Cir. 2005).

Humphrey's arguments regarding his tort claim likewise have been waived. "It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *Hood v. Tenn. Student Assistance Corp.*, 319 F.3d 755, 760 (6th Cir. 2003) (internal citation and quotation marks omitted). Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived. *See Resnick v. Patton,* No. 06-3217, 2007 WL 4532815, at *1 n.1 (6th Cir. Dec. 20, 2007) (citing *Hood*, 319 F.3d at 760); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Humphrey provides no explanation to this court why he did not oppose the motions before the district court, except to note that "it was expected that the District Court would notify Plaintiff-Appellant that it was treating the Motions to Dismiss as a Motion for Summary Judgment." However, this excuse is unacceptable, and the present circumstances are not otherwise exceptional so as to compel our review under *Hood*.

Moreover, even if we were to consider the merits of Humphrey's appeal, his claims are not well taken and fail as a matter of law. First, it is well established that in considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court may look beyond the jurisdictional allegations in the complaint and consider whatever evidence is submitted. *Gentek*, 491 F.3d at 330. *See also Kroll v. United States*, 58 F.3d 1087, 1093 n.9 (6th Cir. 1995) ("[W]hen reviewing certain 12(b)(1) motions to dismiss, 'a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'") (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Here, defendants attached two documents to their motion to dismiss Humphrey's FTCA claim for lack of subject matter jurisdiction: (1) Humphrey's FTCA administrative claim dated November 4, 2004, and (2) the Postal Service's denial of that claim dated December 3, 2004.[3] Given the basis for defendants' motion – that Humphrey's tort claim is barred by the FTCA's six-month statute of limitations provided in 28 U.S.C. § 2401(b) – it was necessary and entirely appropriate for the district court to consider the date on which Humphrey's administrative claim was denied.[4] In fact, this documentation clearly shows that, although the Postal Service notified Humphrey on December 3, 2004, by letter delivered to him via certified mail that his administrative claim had been

[3]As part of their separate motion to dismiss Humphrey's discrimination claims, defendants did not introduce or attach any documents outside the pleadings.

[4]28 U.S.C. § 2401(b) provides that "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

denied, Humphrey did not file his complaint in federal district court until September 9, 2006, over

twenty-one months after the denial. His failure to file the complaint within six months divests the

federal district court of jurisdiction. *Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984).

The requirement that a claim pursuant to the FTCA be commenced within six months of an

administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal

on the merits. *Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002) (citing 28 U.S.C. § 2401(b));

*Graham v. United States*, 96 F.3d 446, 448 (9th Cir. 1996); *Smith v. Mark Twain Nat'l Bank*, 805

F.2d 278, 293-94 (8th Cir. 1986). As the Tenth Circuit Court of Appeals explained succinctly in

*Franklin Savings Corp. v. United States*, 385 F.3d 1279 (10th Cir. 2004):

> Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b). *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003).

> "The doctrine of sovereign immunity precludes suit against the United States without the consent of Congress; the terms of its consent define the extent of the court's jurisdiction. The applicable statute of limitations is a term of consent. The plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action." *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990).

*Franklin Savings Corp.*, 385 F.3d at 1287.

Thus, because Humphrey's complaint was filed well beyond the six-month limitation period

of 28 U.S.C. § 2401(b), we conclude that the district court properly dismissed his tort claim for lack

of subject matter jurisdiction.

III.

In light of this conclusion, coupled with the fact that Humphrey failed to challenge the government's certification pursuant to 28 U.S.C. § 2679(d) in the district court, we need not consider his remaining argument protesting the notice of substitution. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996) (rejecting challenge to government's certification because the plaintiff failed to contest certification before the district court even though it had over a year to do so).

We therefore affirm the judgment of the district court.

AFFIRMED.