WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE
In this case, C.K., an employee of American Family Care, Inc. and a participant in its Group Healthcare Plan ("the Plan"), seeks to have Defendants pay for residential treatment for her daughter A.K.'s eating disorder. Claims are brought under both the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 et seq. , and the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185, which amends ERISA and is "designed to end discrimination in the provision of coverage for mental health and substance use disorders as compared to medical and surgical conditions in employer-sponsored group health plans[.]" Coal. for Parity, Inc. v. Sebelius, 709 F.Supp.2d 10, 13 (D.D.C. 2010) ; see also, Wilson v. Anthem Health Plans of Kentucky, Inc., No. 3:14-CV-743-TBR, 2017 WL 56064, at *2 (W.D. Ky. Jan. 4, 2017) (noting that "Congress enacted [MHPAEA] as an amendment to ERISA, making it enforceable through a cause of action under 29 U.S.C. § 1132(a)(3)").
The Plan has filed a Motion to Dismiss (Doc. No. 27), as has Behavioral Health Systems, Inc. ("BHS") (Doc. No. 25), which is alleged to have provided claims administration and review services as a subcontractor for Blue Cross Blue Shield of Alabama. Those Motions have been fully briefed by the parties (Doc. Nos. 26, 28, 31, 33, 34, & 37), including a sur-reply filed by Plaintiffs. In that sur-reply, Plaintiffs argue that "BHS is being very clever in regard to its Motion to Dismiss" because "[i]t is making arguments appropriate for consideration in the course of adjudicating a Motion for Judgment on the Administrative Record, packaging its arguments under Rule 12(b)(6), and hoping that no one *774 will notice the difference." (Doc. No. 37 at 1). That is, while "BHS is free to make all the arguments it wants to make - eventually," id., a Rule 12(b)(6) motion is not the proper vehicle to resolve this dispute.
The Court will not go so far as to say that BHS is being clever, but, to an extent, Plaintiffs have a point. "[J]udgment on the administrative record ... ordinarily is the appropriate means of resolving a claim for wrongful denial of benefits under ERISA." Sullivan v. Cap Gemini Ernst & Young, 573 F.Supp.2d 1009, 1012 (N.D. Ohio 2008). Indeed, the Sixth Circuit "has instructed district courts to follow a two-step process in adjudicating an ERISA benefit action:
'1. As to the merits of the action, the district court should conduct a de novo review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.
2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.' "
Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 430 (6th Cir. 2006) (quoting Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 618-19 (6th Cir.1998) ). This is not to say that dismissal is never appropriate in an action for benefits under ERISA or, by extension, the MHPAEA. See Jones v. Allen, No. 2:11-CV-380, 2012 WL 2918442, at *1 (S.D. Ohio July 17, 2012) (observing that "the 2 Court of Appeals has not exempted ERISA pleadings from Rule 12(b)(6) scrutiny as a general matter, so there is nothing inherently wrong with Defendants having filed that motion here."). It is to say, however, that dismissal for failure to state a claim under Rule 12(b)(6) is inappropriate where the parties do not even agree on what constitutes the plan documents. No doubt, "identifying 'the plan' is not always a clear-cut task," Administrative Committee of Wal-Mart Stores, Inc. Associate's Health & Welfare Plan v. Gamboa, 479 F.3d 538, 542 (8th Cir. 2007), and "there are often multiple documents that together represent the whole of the plan," Moore v. Life Insurance Company of North America, 6:17-CV-00030, 2018 WL 1461502, at *2 (W.D. Va. Mar. 23, 2018). But determining what constitutes the relevant plan documents and whether the decision was proper under those documents is an even less clear-cut task when the Court is relying simply on counsels' say-so, rather than what the administrator used to make his or her determination.
Apart from the ERISA and MHPAEA claims, BHS in its reply brief notes that "Plaintiff failed to respond to several arguments," including "(1) that class-wide relief is unavailable as the Complaint is currently pled; ... (2) that the Court should reject Plaintiffs' request to 'conduct discovery'; ... and (3) that the Court should reject Plaintiffs' request for penalties under 29 U.S.C. § 1132(c)(1)." (Doc. No. 33 at 5, n. 7). BHS submits that the Court should therefore "conclude that Plaintiffs concede each of these arguments." Id.
Under this Court's Local Rules, when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded.
*775 L.R. 7.01(b). The same is true under the case law. See, Humphrey v. United States Att'y Gen.'s Office, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that where plaintiff failed to respond to argument, any opposition was waived). However, in failing to respond to BHS' threadbare arguments about class-wide relief, discovery, and the penalty provision of Section 1132, Plaintiffs have conceded nothing.
At present, the Complaint is brought by one participant on her own behalf and on behalf of her dependent. True, the Complaint at one point speaks about seeking "injunctive relief in the form of an order instructing Defendants to reopen all denied claims that involved, in whole or in part, mental health care, residential care for eating disorders, or claims for substance abuse disorder filed by participants or beneficiaries in the period beginning January 13, 2014 to present," (Doc. No. 1, Cmpt. ¶ 98), but it does not purport to be a class action complaint. There are no allegations about numerosity, typicality, commonality, or the adequacy of representation as required by Rule 23(a), and hence nothing to dismiss in this regard. BHS can renew its argument if and when Plaintiffs' move to amend or file an amended complaint seeking class certification.
Likewise, there is nothing to dismiss with regard to the daily penalty provision under the statute because the Complaint does not request that relief presently. Instead it states that "[i]n the event Defendants seek to introduce or assert the existence of Plan documents that were not produced to Plaintiffs by the Plan Administrator ... Plaintiffs ask for leave to amend their complaint to seek statutory damages of $ 110 per day for the Plan Administrator's failure to produce all material subject to production pursuant to 29 U.S.C. § 1024(b)(4)." (Id. ¶ 108). Obviously, including a sentence in a complaint that is contingent upon an event that may or may not happen is not the same thing as filing a Motion to Amend under Rule 15. Until an amended complaint is filed, there is no valid request for daily penalties to dismiss.
Finally, there is nothing to dismiss relating to discovery request in light of BHS' statement in its brief that "a request to conduct discovery ... is superfluous given that [Plaintiffs'] would be entitled to discovery under Fed. R. Civ. P. 26 if they had managed to state claims in their Complaint." (Doc. No. 26 at 17). Presumably, what BHS actually means is Rule 26 discovery as it has been cabined in ERISA cases by Wilkins and its progeny. See Johnson v. Connecticut Gen. Life Ins. Co., 324 F. App'x 459, 466 (6th Cir. 2009) (collecting cases for the proposition that Wilkins limits discovery in ERISA cases to procedural challenges, and noting that discovery "might [be] appropriate" in certain circumstances"). Regardless, there is no discovery dispute at this time and nothing for either this Court or the Magistrate Judge to resolve.
Based upon the foregoing, the Motions to Dismiss filed by BHS (Doc. No. 25) and the Plan (Doc. No. 27) are DENIED . This case is returned to Magistrate Judge Newbern for further case management, including (1) setting deadlines for filing the administrative record and motions for judgment on the administrative record; and (2) filing a Report and Recommendation regarding the proposed disposition of the case based upon that record.
IT IS SO ORDERED.