NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0014n.06

No. 21-5352

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KALOS, LLC, | ) | **FILED** |
| | ) | Jan 06, 2022 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TWIN SPRINGS AT WHITE HOUSE, LLC, et al., | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendants-Appellees. | ) | |
| | ) | |

Before: GILMAN, KETHLEDGE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Kalos, LLC performed work as a subcontractor on an apartment project but says it was never paid. So Kalos sued the property owner, general contractor, and other defendants, claiming unjust enrichment. The district court dismissed the complaint for failure to state a claim. We AFFIRM.

I.

Kalos says that defendants never paid it for the work it performed as a subcontractor on a Tennessee apartment project. Kalos recorded a mechanics' and materialmen's lien, then filed suit in state court, raising four counts—two related to the lien, one for liability under bond, and a claim for unjust enrichment. Defendants removed the action to federal court, invoking diversity jurisdiction.

Defendants then moved to dismiss the two lien counts and the unjust-enrichment count for failure to state a claim. The district court gave Kalos four extensions of time to file a response,

but it never did. Although the motion to dismiss was unopposed, the court nevertheless considered it on the merits and granted it in full. As to the only claim on appeal, unjust enrichment, the court found that Kalos had failed to allege two necessary elements under Tennessee law: that any contract with defendants was unenforceable or invalid and that, to the extent any valid contract existed, it had exhausted its contractual remedies.

Defendants then filed another motion to dismiss or for judgment on the pleadings on Kalos's remaining claim for liability under bond. Soon after, Kalos filed motions for reconsideration and to amend the complaint. In a single opinion, the district court granted defendants' motion on the bond claim and denied Kalos's motions. Having dismissed Kalos's only remaining claim, the court entered judgment in favor of defendants. Kalos appealed.

## II.

### A.

We review de novo a district court's order granting a motion to dismiss. *Health One Med. Ctr., Eastpointe P.L.L.C. v. Mohawk, Inc.*, 889 F.3d 800, 801 (6th Cir. 2018). "To survive a motion to dismiss, [the plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When determining facial plausibility, the court must construe the complaint in the light most favorable to the plaintiff." *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013). A reviewing court must "accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)).

Kalos's briefing is not easy to follow, but the company seems to appeal only the dismissal of the unjust-enrichment claim.[1] But because Kalos never responded below to defendants' motion to dismiss, even this claim may not be properly before us. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here . . . plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been [forfeited].").  Nonetheless, Kalos's claim fails on the merits.  Under Tennessee law, an unjust-enrichment theory can succeed only when "there is no contract between the parties or a contract has become unenforceable or invalid." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998).  But Kalos's complaint alleges throughout that Kalos had "a contract with the Defendants."  A plaintiff may state a claim for unjust enrichment by pleading in the alternative that an underlying contract is unenforceable or invalid, *see, e.g.*, *Adv. Sec. Servs. Evaluation & Training, LLC v. OHR Partners Ltd.*, No. M2017-00249-COA-R3-CV, 2018 WL 1391626, at *12 (Tenn. Ct. App. Mar. 20, 2018), but Kalos has not done so here.

Kalos suggests that it may proceed nonetheless because it had a valid contract only with *some* defendants.  Perhaps Kalos's complaint could be read in this fashion.  As the district court pointed out, Kalos's complaint is confusing on this score, alleging at some points that it had a contract with *all* Defendants, but at others mentioning only *some*.  For example, the complaint states that Kalos contracted with Horizon Construction, and Kalos notes in its appellate brief that it "contracted with a specific individual company."  But even if we read these allegations to mean that Kalos did not have a contract with some of the defendants, the company could not proceed on an unjust-enrichment theory unless it first "exhausted all remedies against the person with whom

---

[1] To the extent that Kalos attempts to appeal the district court's dismissal of its other claims, its arguments are perfunctory and therefore forfeited. *A.K. ex rel. Kocher v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 632 n.7 (6th Cir. 2020).

the plaintiff enjoyed privity of contract." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). Kalos does not allege exhaustion.

Kalos also seems to argue generally that the district court misapplied the motion-to-dismiss standard by failing to view the complaint in the light most favorable to it and by not accepting its factual allegations as true. We see no fault in the district court's ruling. Viewing Kalos's complaint under the appropriate motion-to-dismiss standard, the complaint fails to plead a claim for unjust enrichment because it does not allege the requisite elements.

## B.

In their response to Kalos's appellate brief, defendants claim that Kalos's appeal is frivolous and ask for sanctions under Federal Rule of Appellate Procedure 38. That rule permits us to "award just damages and single or double costs to the appellee" if we "determine[] that an appeal is frivolous." But the plain text of that rule permits sanctions only "after a separately filed motion or notice from the court and reasonable opportunity to respond." *See also Hankins v. City of Inkster*, 832 F. App'x 373, 380 (6th Cir. 2020). Although we have concerns about the way Kalos has litigated this case, defendants have not filed a separate motion seeking sanctions. So we decline to award them. *Id.*

* * *

For the reasons set forth in this opinion, we AFFIRM the district court's judgment.